UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ANDRE GILBERT, CHAD THOMAS, JUSTIN TOMBS, RANDY NICODEMUS, & TREVOR HESS,<br><br>V.<br><br>KAYDEN INDUSTRIES (USA), INC., KAYDEN INDUSTRIES, LTD, KAYDEN INDUSTRIES LP, & KAYDEN INDUSTRIES, INC., | CASE NO. 4:16-CV-3274 |

# COMPLAINT

## SUMMARY

1. Kayden is an enterprise providing oilfield support services. It employs a category of worker known generally as solids control technicians. These workers regularly work more than 40 hours a week. In fact, they are typically slated for 12 hours a day, 7 days a week, using a 20 days on, 10 days off, schedule. And they often work more. But Kayden does not pay them overtime.

2. Instead, Kayden paid these workers a flat amount for each day they work.

3. Kayden's pay policies violate the Fair Labor Standards Act (FLSA) and various state wage and hour laws. This case seeks to recover the unpaid wages and other damages owed.

## JURISDICTION & VENUE

4. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. The Court has supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. § 1367.

6. Kayden is headquartered in this District and Division.

7. Venue is proper in this Court.

1

## PARTIES

8. Andre Gilbert, Chad Thomas, Justin Tombs, Randy Nicodemus and Trevor Hess (collectively, the "Solids Control Technicians") are solids control technicians who were employed by Kayden.

9. Upon information and belief, Kayden Industries (USA), Inc., Kayden Industries Ltd., Kayden Industries LP, and Kayden Industries Inc. shared meaningful direct and indirect control over the Solids Control Technicians and acted in the interest of one another, constituting joint employers.

10. Kayden Industries (USA), Inc., Kayden Industries Ltd., Kayden Industries LP, and Kayden Industries Inc. (collectively, Kayden) acted as the Solids Control Technicians employers, assigning them to work locations in New York, Ohio, Pennsylvania, and elsewhere.

11. Kayden set the Solids Control Technicians' work schedules, dictated how they were paid, and benefited from their work.

12. Kayden operates in this District and Division.

13. Each defendant may be served through its registered agent.

## FACTS

14. Kayden provides a variety of oilfield support services, particularly solids control services.

15. In each of the past three years, Kayden's gross revenues exceeded $500,000. Kayden's workers routinely handle goods or materials – such as hard hats, tools, steel toe boots, machinery, and cell phones - that have moved in, or were produced for, interstate commerce.

16. Kayden has employed hundreds of individuals as solids control technicians.

17. Kayden employed the Solids Control Technicians in various states, including New York, Ohio, and Pennsylvania.

18. Andre Gilbert, Chad Thomas, Justin Tombs, and Trevor Hess worked for Kayden in Ohio and Pennsylvania within the last 3 years.

19. Randy Nicodemus worked for Kayden in New York within the past 6 years.

20. Kayden paid the Solids Control Technicians on a day rate basis.

21. Kayden paid the Solids Control Technicians a flat amount for each day worked.

22. An employer can pay a non-exempt employee on day rate basis *provided* the employee receives overtime pay for hours worked in excess of 40 in a week. 29 C.F.R. § 778.112.

23. Kayden's day rate system did not include any overtime pay for the Solids Control Technicians.

24. The Solids Control Technicians typically worked far more than 40 hours a week.

25. The Solids Control Technicians regularly worked 12+ hours (or more) a day.

26. The Solids Control Technicians regularly worked as many as 7 days in a week.

27. The Solids Control Technicians regularly worked 14 days (or more) in a row.

28. The Solids Control Technicians regularly worked 84 hours (or more) a week.

29. Kayden has records of the hours worked by the Solids Control Technicians.

30. Kayden knows the Solids Control Technicians typically worked more than 40 hours a week.

31. Kayden's payroll records show the wages paid to the Solids Control Technicians.

32. The Solids Control Technicians were non-exempt employees.

33. Kayden also knew the Solids Control Technicians were not exempt from the FLSA's overtime provisions (or the provisions of any similar state overtime laws).

34. Nonetheless, Kayden did not pay the Solids Control Technicians overtime for hours worked in excess of 40 in a workweek.

35. Kayden has been sued multiple times for violating the FLSA.

36. The Solids Control Technicians are entitled to invoke *American Pipe*, along with all contractual (including, but not limited to, the stipulation entered in *Lebarron v. Kayden Industries (USA), Inc.,* Case No. 6:14-cv-6628 (WDNY), tolling with respect to the statutes of limitation.

### CAUSE OF ACTION – VIOLATION OF THE FLSA

37. By failing to pay the Solids Control Technicians overtime at one-and-one-half times their regular rates, Kayden violated the FLSA's overtime provisions.

38. Kayden owes the Solids Control Technicians the difference between the rate paid and the proper overtime rate.

39. Because Kayden knew, or showed reckless disregard for whether, its pay practices violated the FLSA, Kayden owes these wages for at least the past three years (under the FLSA).

40. Kayden also owes the Solids Control Technicians an amount equal to the unpaid overtime wages as liquidated damages.

41. The Solids Control Technicians are entitled to recover all reasonable attorneys' fees, costs, and expenses incurred in this action.

### CAUSE OF ACTION: VIOLATION OF NEW YORK LABOR LAW

42. The conduct alleged violates the New York Labor Law (NYLL).

43. The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Kayden, and protect Nicodemus for work performed in New York.

44. Kayden failed to pay Nicodemus (while he was employed in New York) overtime at a rate of time and one-half his regular rate for all hours worked in excess of 40 per workweek.

45. Through its knowing and intentional failure to pay overtime wages for hours worked in excess of 40 per workweek, Kayden willfully violated the NYLL, Article 19, §§ 650 et seq. and the supporting New York State Department of Labor Regulations.

46. Due to Kayden's willful violations of the NYLL, Nicodemus is entitled to recover from Kayden his unpaid overtime wages, liquidated damages as provided for by the NYLL, statutory penalties of fifty dollars for each workweek that Kayden failed to provide him with wage notices, or a total of twenty-five hundred dollars each, reasonable attorneys' fees, costs, injunctive and declaratory relief, and pre-judgment and post-judgment interest.

### CAUSE OF ACTION – VIOLATION OF OHIO WAGE LAWS

47. The conduct alleged violates the Ohio Minimum Fair Wage Standards Act, O.R.C. §§4111 *et seq.*, (OMFWSA) and the Ohio Prompt Pay Act (OPPA), Ohio Rev. Code §4113.15 (collectively, the "Ohio Wage Laws").

48. At all relevant times, Kayden was subject to the requirements of the Ohio Wage Laws.

49. At all relevant times, Kayden employed the Solids Control Technicians as an "employee" within the meaning of the Ohio Wage Laws.

50. The OMFWSA requires employer pay each employee overtime compensation "not less than one and one-half times" (1.5) the employee's regular rate of pay for all hours worked over 40 in one workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." See O.R.C. § 4111.03(A); see also 29 U.S.C. §§ 207 & 213.

51. As employees, the Solids Control Technicians worked more than the maximum weekly hours permitted by the OMFWSA, but Kayden did not pay them overtime wages.

52. The Solids Control Technicians seek back wages, attorney fees, and costs from Kayden for violating the OMFWSA.

53. The OPPA required Kayden to pay the Solids Control Technicians all wages, including unpaid overtime, on or before the first day of each month, for wages earned by them

during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by them during the last half of the preceding calendar month. See O.R.C. § 4113.15(A).

54. Kayden had a policy and practice of failing the Solids Control Technicians overtime for hours worked in excess of 40 in a workweek.

55. During all times material to this complaint, the Solids Control Technicians were not paid wages, either their regular rates, a minimum wage or overtime wages at 1.5 times their regular rate within 30 days of performing the work. See O.R.C. §4113.15(B).

56. The Solids Control Technicians unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday. In violating the OPPA, Kayden acted willfully, without a good faith basis and with reckless disregard of clearly applicable Ohio law.

57. The Solids Control Technicians are entitled to overtime pay under the Ohio Wage Laws for all hours worked in excess of 40 in a week.

58. The Solids Control Technicians seek unpaid overtime in amount equal to 1.5 the regular rate of pay for work performed in excess of 40 in a workweek, prejudgment interest, all available penalty wages, and such other legal and equitable relief as the Court deems just and proper.

59. The Solids Control Technicians also seek recovery of attorneys' fees, costs, and expenses of this action, to be paid by Kayden, as provided by the Ohio Wage Laws.

### CAUSE OF ACTION – VIOLATION OF PENNSYLVANIA MINIMUM WAGE ACT

60. The conduct alleged violates the Pennsylvania Minimum Wage Act (PMWA) (43 Pa. Stat. Ann. § 333.104).

61. At all relevant times, Kayden was subject to the requirements of the PMWA.

62. At all relevant times, Kayden employed each of the Solids Control Technicians as an "employee" within the meaning of the PMWA.

63. The PMWA require an employer like Kayden to pay employees at one and one-half times the regular rate of pay for hours worked in excess of 40 in any one week. The Solids Control Technicians were entitled to overtime pay under the PMWA.

64. But Kayden had a policy and practice of failing to pay overtime for hours worked in excess of 40 per workweek.

65. The Solids Control Technicians seek unpaid overtime in amount equal to one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, prejudgment interest, all available penalty wages, and such other legal and equitable relief as the Court deems just and proper.

66. The Solids Control Technicians also seek recovery of attorneys' fees, costs, and expenses of this action, to be paid by Kayden, as provided by the PMWA.

**PRAYER**

Wherefore, Plaintiffs pray for relief as follows:

1. Judgment awarding all unpaid overtime compensation, liquidated damages, attorneys' fees, costs, and expenses owed under the FLSA;

2. Judgment awarding all unpaid overtime compensation, liquidated damages, penalty damages, interest, attorneys' fees, costs, and expenses owed under New York law;

3. An injunction against further violations of the NYLL;

4. Judgment awarding all unpaid overtime compensation, penalty damages, interest, attorneys' fees, costs, and expenses owed under Ohio law;

5. Judgment awarding the Solids Control Technicians all unpaid overtime compensation, penalty damages, interest, attorneys' fees, costs, and expenses under Pennsylvania law;

6. Pre- and post-judgment interest at the highest rate allowable by law; and

7. All such other and further relief to which the Solids Control Technicians may show themselves to be justly entitled.

<div style="margin-left: 2em;">

Respectfully submitted,

**BRUCKNER BURCH PLLC**

By:          **/s/ Rex Burch**
         Richard J. (Rex) Burch
         Texas Bar No. 24001807
         *Attorney-In-Charge for Plaintiffs*
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Telephone: (713) 877-8788
Telecopier: (713) 877-8065
rburch@brucknerburch.com

**FIBICH, LEEBRON, COPELAND,**
    **BRIGGS, & JOSEPHSON**
Michael A. Josephson
Texas Bar No. 24014780
1150 Bissonnet
Houston, Texas 77005
Telephone: (713) 751-0025
Telecopier: (713) 751-0030

</div>